HLD-004                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3349
_____

IN RE:  ARTHUR D'AMARIO, III,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-18-cv-10552)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 3, 2022
Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, PORTER and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 15, 2022)
_____

OPINION[*]
_____

PER CURIAM

Arthur D'Amario III, proceeding pro se, petitions for a writ of mandamus

compelling the United States District Court for the District of New Jersey to reassign his

habeas petition to another District Judge.  For the reasons discussed below, we will deny

the mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2006, D'Amario was convicted of threatening a federal judge in violation of 18 U.S.C. § 115(a)(1)(B). He was sentenced to 84 months in prison and three years of supervised release. We affirmed the judgment on direct appeal. United States v. D'Amario, 330 F. App'x 409, 419 (3d Cir. 2009). The District Court denied D'Amario's motion to vacate sentence pursuant to 28 U.S.C. § 2255, and we denied his request for a certificate of appealability. See C.A. No. 12-1436, 8/6/12 Order.

After his release from prison, D'Amario violated the terms of his supervised release. In 2013, the District Court revoked his supervised release and sentenced him to 24 months in prison with no term of supervised release to follow. See D.N.J. Crim. No. 1-06-cr-00112, Docket No. 483. D'Amario has continued to challenge his conviction without success. See, e.g., C.A. No. 15-3462, 11/17/15 Order (denying application for leave to file a second or successive § 2255 motion).

Relevant here, in June 2018, D'Amario filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging his conviction. Our then-Chief Judge designated the Honorable Paul S. Diamond, who presided over D'Amario's 2006 criminal case, to adjudicate the petition.[1] In January 2019, D'Amario filed a motion in the District Court to reassign his matter to a different District Judge. D'Amario asserted that an impartial judge who was not involved in his criminal case should hear his habeas petition. He

---

[1] In addition to challenging his 2006 conviction, D'Amario challenged a 2001 conviction for threatening another federal judge. See D.N.J. Crim. No. 1-01-cr-00346.

2

disagreed with a legal ruling by Judge Diamond and the sentences that Judge Diamond had imposed.

While that motion was pending, D'Amario filed a mandamus petition in this Court seeking Judge Diamond's removal from his habeas case. On August 22, 2019, we denied the petition as premature in light of D'Amario's pending motion in the District Court to reassign his case. In re D'Amario, 775 F. App'x 733, 734 (3d Cir. 2019) (per curiam).[2] On the same day, the District Court denied D'Amario's motion.

With the exception of D'Amario's filing of a notice of his change of address, there was no docket activity in his case from August 2019 until December 2021, when D'Amario filed a motion in the District Court to change venue. D'Amario, who has completed serving his sentence, sought to transfer his case to Rhode Island, where there are witnesses who will allegedly support his contention that he is suffering collateral consequences from his conviction. That motion, and his habeas petition, remain pending.

At about the same time that D'Amario filed his motion to change venue, D'Amario filed the mandamus petition now before us. D'Amario again seeks an order reassigning his case to a "neutral" District Judge. He also notes that Judge Diamond has not taken any action in his case.[3]

---

[2] We also noted that D'Amario had an unsuccessful history of seeking Judge Diamond's disqualification. See id. at 734 n.1 (citing cases).

[3] D'Amario's filing was styled as a motion to reconsider and reverse our 2019 decision denying mandamus relief. D'Amario was notified that his motion would be treated as a new mandamus petition and was given an opportunity to supplement his filing.

A writ of mandamus is a drastic remedy available only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner must show that "(1) 'no other adequate means [exist] to attain the relief he desires,' (2) the party's 'right to issuance of the writ is "clear and indisputable,"' and (3) 'the writ is appropriate under the circumstances.'" Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (quoting Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380–81 (2004)).

D'Amario has not satisfied this standard. "Mandamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (quotation marks and citation omitted). However, in his motion to reassign his case, which effectively sought Judge Diamond's recusal, D'Amario relied on a legal ruling by Judge Diamond and the sentences he imposed. He cites the same alleged legal errors in his mandamus petition. These actions do not provide a basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). D'Amario has not shown a clear and indisputable right to issuance of a writ.

Although D'Amario notes in his mandamus petition that Judge Diamond has not taken action in his habeas case, he does not seek an order compelling Judge Diamond to adjudicate his petition. D'Amario instead requests an order compelling the reassignment of his habeas petition to another judge. And he is currently seeking in the District Court a

4

change of venue. For these reasons, we do not consider whether any other relief is due based on the delay. And we are confident that the District Court will turn its attention to this matter shortly.

Accordingly, we will deny D'Amario's petition for a writ of mandamus.